IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA



FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

APR - 1 2026

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

|  |  |
|---|---|
| FREDDIE JOHNSON,<br>    PLAINTIFF<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS,<br>INC., MIDLAND CREDIT MANAGEMENT,<br>INC., AND I.C. SYSTEM, INC.,<br>    DEFENDANTS | }<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>} |

JURY TRIAL DEMANDED

CASE NUMBER:

**2:26-CV-0092**

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

---

### I.    INTRODUCTION

1.    This is an action for damages brought by individual consumer Freddie Johnson, against Defendants Experian Information Solutions, Inc. ("Experian"), for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), and Defendants Midland Credit Management, Inc. ("MCM"), and I.C. System, Inc. ("IC System") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### II.    JURISDICTION AND VENUE

2.    Jurisdiction of this court arises under 15 U.S.C. § 1681(p), 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. The venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this district, Defendant conducts business in this district, and communications giving rise to this action occurred in this district.

### III.    PARTIES

3. Plaintiff is a natural person residing in Lawrenceville, Georgia.

4. Plaintiff is a "consumer" as defined under 15 U.S.C. § 1681a(c) of the FCRA.

5. Experian is a "consumer reporting agency" that compiles and maintains files on consumers nationwide, as defined under 15 U.S.C. § 1681a(p) of the FCRA. Experian is regularly engaged in the business of compiling and maintaining files on consumers for the purpose of furnishing consumer reports to third parties regarding a consumer's creditworthiness, credit standing, or credit capacity.

6. MCM is a "debt collector" defined under 15 U.S.C. § 1692a(6) of the FDCPA.

7. MCM is engaged in the collection of debt from consumers using the mail and telephone. MCM regularly attempts to collect consumers' debt alleged to be due to another. The alleged debt arose from a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined under 15 U.S.C. § 1692a(5) of the FDCPA.

8. IC System is a "debt collector" defined under 15 U.S.C. § 1692a(6) of the FDCPA.

9. IC System is engaged in the collection of debt from consumers using the mail and telephone. IC System regularly attempts to collect consumers' debt alleged to be due to another. The alleged debt arose from a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined under 15 U.S.C. § 1692a(5) of the FDCPA.

## IV.    FACTUAL ALLEGATIONS

10. On or around February 9th, 2026, Plaintiff obtained a copy of his consumer credit disclosure from Experian.

11. The consumer credit disclosure contained false, inaccurate, and incomplete information, including but not limited to:

- **Names:**

  a. JOHNSON FREDDIE

  b. F L JOHNSON

  c. FREDDIE JOHNSONIII

- **Addresses:**

  a. 780 MOROSGO NE DR, ATLANTA GA, 30324-9101

  b. 358 LEEDALE ST, ALBANY NY, 12209-2126

  c. 340 ORANGE ST, ALBANY NY, 12206-3119

  d. 2198 CHESHIRE BRIDGE NE RD, ATLANTA GA, 30324-4274

  e. 9 OAKBROOK MNR APT J, RAVENA NY, 12143-1033

  f. 4531 GOLD CREEK TRL, SUGAR HILL GA, 30518-2873

  g. PO BOX 14087, ATLANTA GA, 30324-1087

  h. PO BOX 26, SELKIRK NY, 12158-0026

  i. 326 1ST ST, ALBANY NY, 12206-3105

  j. 9 OAKBROOK MNR, RAVENA NY, 12143-1055

  k. 4513 GOLD CREEK TRL, SUGAR HILL GA, 30518

  l. 6241 CENTENNIAL LN, ATLANTA GA, 30349-8630

  m. 103 MARSDALE CT, SELKIRK NY, 12158-9703

  n. 2461 KENNEDY SW LN, MARIETTA GA, 30060-6612

  o. 2329 CHESHIRE BRIDGE NE RD STE 110, ATLANTA GA, 30324

  p. 780 MOROSGO NE DR UNIT 14087, ATLANTA GA, 30324-9043

q. 920 HALL NW ST, ATLANTA GA, 30318-4715

r. 1635 PIRKLE RD APT 1203, NORCROSS GA, 30093-2158

s. 14 MOORE ST FL 2, ALBANY NY, 12202-1215

t. 351 SECOND AVE, ADAMS MA, 01220

- **Date of Birth**

  a. 1975

- **Accounts:**

  a. ACIMA DIGITAL FKA SIMPLE - 793XXXX

  b. LENDINGPOINT LLC - LAI005XXXXX

  c. NAVY FEDERAL CR UNION - 500001XXXXXXXXXXXXXXXX

  d. NY CHILD SUPPORT ENFC - BV443XXXX

  e. SANTANDER CONSUMER USA - 300002XXXXXXXXXXX

  f. UNIVERSAL PAYMENT CORP - 873XXXX

  g. WFBNA CARD - 446542XXXXXXXXXX

12.    On or around February 15th, 2026, Plaintiff mailed a written dispute letter to Experian via USPS Certified Mail (Tracking # 9207 1902 3589 0900 0037 6395 74). The names, addresses, phone numbers, employers, and accounts listed in the letter were described and spelled out for Experian to understand. **See Exhibit A.**

13.    On or around February 20th, 2026, Experian received Plaintiff's dispute letter.

14.    On or around February 26th, 2026, rather than conducting a reasonable reinvestigation within the thirty-day period required under 15 U.S.C. § 1681i(a)(1)(A), Experian emailed Plaintiff a message and/or response commonly known as a "Stall Letter" or "Stall Tactic":

      i. *We received a recent request regarding your credit information that does not appear to have been sent directly by you or to be authorized by you. As a precautionary measure, we have not taken any action of your alleged request....etc.* **See Exhibit B.**

15. The email did not state that Experian had completed a reinvestigation, nor did it provide verification of the disputed information. In fact, the email suggests that Experian did nothing in response to Plaintiff's dispute letter.

16. Upon information and belief, Experian routinely utilizes this email correspondence in response to consumer disputes submitted by mail.

17. Upon information and belief, Experian's use of such correspondence operates to delay, impede, or otherwise interfere with its obligation to conduct a reasonable reinvestigation, thereby frustrating the consumer's right to have disputed information verified, corrected, or deleted as required by the FCRA.

18. Plaintiff's dispute letter indicated that it was submitted directly by Plaintiff and that no third party was involved. The letter further advised that Experian could contact Plaintiff directly at the phone number provided in the event of any questions or concerns regarding the dispute. However, Experian did not undertake any effort to contact Plaintiff for purposes of clarifying or verifying the dispute.

19. Upon Plaintiff's request for verification, and in accordance with its standard procedures, Experian did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any attempt to substantially or reasonably verify the names, addresses, phone numbers, employers, and accounts listed in Plaintiff's dispute letter.

20.    Instead, Experian continued to report false, inaccurate, incomplete, or unverifiable information regarding the names, addresses, phone numbers, employers, and accounts listed in Plaintiff's consumer credit disclosure.

### A.  Personal Information

21.    Experian continued to inaccurately report twenty-four (24) items of personally identifiable information, including incorrect names, addresses, and phone numbers in Plaintiff's consumer disclosure.

22.    Plaintiff provided a copy of her Driver's License, Social Security Card, and Utility Bill, which more than sufficiently verified her identity and provided Experian with all information necessary to conduct a reasonable investigation and promptly correct or delete the inaccurate personally identifiable information.

23.    Had Experian looked in even the most cursory way at the dispute letter, it would have seen that the errors were obvious, and the personally identifiable information would have been corrected or deleted.

### B.  Accounts

24.    Experian continued to inaccurately report information regarding seven (7) accounts, including balances, payment histories, balance histories, and the statuses of these accounts.

25.    Experian failed to report the Date of First Delinquency for these accounts. The Date of First Delinquency is used to ensure compliance with the Fair Credit Reporting Act, and it *must* be reported according to the Consumer Data Industry Association (CDIA), Credit Reporting Resource Guide (Metro 2® Guidelines).

26.    Upon information and belief, each furnisher reported the Date of First Delinquency for its respective account; however, Experian refused to include it in Plaintiff's credit file.

27.    Had Experian looked in even the most cursory way at the dispute letter, it would have seen that the errors were obvious, and the accounts would have been corrected or deleted.

28.    Without any explanation or reason, Experian continues to report this false and inaccurate information about Plaintiff, resulting in the derivation of a credit score that does not accurately reflect Plaintiff's creditworthiness.

## C. Damages

29.    Experian has refused to invest the time, money, and effort to carry out its obligations under the FCRA.

30.    Experian negligently, recklessly, and/or willfully violated the requirement of a reasonable investigation as required under the FCRA.

31.    Experian has continued to report, even after Plaintiff mailed a letter disputing the inaccurate names, addresses, phone numbers, employers, and accounts, and thus failed to use all reasonable procedures to assure maximum possible accuracy of Plaintiff's credit file.

32.    The result is that obviously wrong, inaccurate, and/or incomplete information regarding the names, addresses, phone numbers, employers, and accounts were allowed to remain on Plaintiff's credit file.

33.    Experian has allowed users to access Plaintiff's consumer report before the dispute, during the dispute time period, and even after the investigations (if any) were completed.

34.    Certainly, after Plaintiff notified Experian, they knew the names, addresses, phone numbers, employers, and accounts should not and could not remain on Plaintiff's credit file unless corrected.

35.    However, Experian refused not only to conduct a proper reinvestigation under Section 1681i but also refused to remove the Accounts under Section 1681e(b), which is the maximum possible accuracy.

36.    By allowing the names, addresses, phone numbers, employers, and accounts to remain on Plaintiff's credit file with the inaccurate, incomplete, unverifiable, and/or contradictory information, Experian created and allowed misleading information which more likely than not misled users of Plaintiff's credit file prepared by Experian, to believe Plaintiff's credit file was 100% accurate and should be considered when evaluating Plaintiff for whatever purpose the users had when accessing Plaintiff's credit file.

37.    On or around February 17th, 2026, Plaintiff was denied an American Express Gold credit card from American Express, which obtained information from Experian, and used that information in making their credit decision.

38.    As a result of the conduct, action, and inaction of Experian, Plaintiff has suffered actual damages, including but not limited to decreased FICO score, inability to obtain a credit card, inability to purchase and benefit from credit, damage to reputation, emotional distress, mental anguish, frustration, anger, embarrassment, and humiliation.

*Facts related to Midland Credit Management Inc.*

39.    On or about November 25th, 2025, Plaintiff received an email from MCM attempting to collect a debt in the amount of $1279.48 allegedly owed to Credit One Bank, N.A.

40.    On or around December 15th, 2025, Plaintiff replied to the email stating, "I refuse to pay", pursuant to 15 U.S.C. § 1692c(c).

41.    Despite receiving Plaintiff's notice, MCM continued its attempt to contact Plaintiff by email on February 15th, 2026, February 22nd, 2026, March 1st, 2026, and March 29th, 2026, by

phone on January 21st, 2026, January 29th, 2026 (twice), February 18th, 2026, and March 17th, 2026, and by mail on March 11th, 2026, in violation of 15 U.S.C. § 1692c(c).

42. Plaintiff fears absent this complaint, MCM will continue to contact him.

43. As a result of the conduct, action, and inaction of MCM, Plaintiff has suffered actual damages, including but not limited to anger, loss of productive time, harassment, emotional distress, invasion of privacy, mental anguish, and frustration.

*Facts related to IC System*

44. On or around February 9th, 2026, Plaintiff obtained a copy of her consumer credit disclosure from Experian, in which IC System was reporting a tradeline.

45. IC System furnished a trade line of $129, allegedly owed to Comcast Xfinity.

46. On or about February 11th, 2026, Plaintiff sent a letter to IC System via certified mail, which indicated he was disputing the tradeline.

47. IC System received the letter on February 17th, 2026.

48. On or about March 25th, 2026, Plaintiff re-checked his credit report and observed that IC System failed to communicate that the debt was disputed by Plaintiff.

49. On or around February 17th, 2026, Plaintiff was denied an American Express Gold credit card from American Express, which obtained information from Experian, including the tradeline reported by IC System, and used that information in making their credit decision.

50. As a result of the conduct, action, and inaction of IC System, Plaintiff has suffered actual damages, including but not limited to decreased FICO score, inability to obtain a credit card, inability to purchase and benefit from credit, damage to reputation, emotional distress, mental anguish, frustration, anger, embarrassment, and humiliation.

**V.   COUNT 1**

## VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(b)
### AGAINST DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.

51.     Plaintiff incorporates by reference paragraphs 1-38 of this Complaint.

52.     After receiving the dispute, Experian failed to correct the false information reporting on Plaintiff's credit report and/or credit file.

53.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

54.     As a result of the conduct, action, and inaction of Experian, Plaintiff has suffered actual damages, including but not limited to decreased FICO score, inability to obtain a credit card, inability to purchase and benefit from credit, damage to reputation, emotional distress, mental anguish, frustration, anger, embarrassment, and humiliation.

55.     The conduct, action, and inaction of Experian were willful, rendering Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

56.     In the alternative, Experian was negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

57.     Plaintiff is entitled to recover costs from Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### VI.    COUNT 2
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i
### AGAINST DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.

58.     Plaintiff incorporates by reference paragraphs 1-38 of this Complaint.

59.     After receiving the dispute, Experian failed to correct the false information reported on Plaintiff's credit report and/or credit file.

60.    Experian violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation, failing to provide notification of the dispute to any person who provided any item of information in dispute, and failing to delete information that was inaccurate, incomplete, or cannot be verified.

61.    Without any explanation or reason, Experian continues to report this unverifiable, inaccurate, and otherwise incomplete information about Plaintiff.

62.    As a result of the conduct, action, and inaction of Experian, Plaintiff has suffered actual damages, including but not limited to decreased FICO score, inability to obtain a credit card, inability to purchase and benefit from credit, damage to reputation, emotional distress, mental anguish, frustration, anger, embarrassment, and humiliation.

63.    The conduct, action, and inaction of Experian were willful rendering Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

64.    In the alternative, Experian was negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

65.    Plaintiff is entitled to recover costs from Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### VII.    COUNT 3
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692c(c)
### AGAINST DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.

66.    Plaintiff incorporates by reference paragraphs 1-9 and 39-43 of this Complaint.

67.    MCM violated the Fair Debt Collection Practices Act.

68.    MCM violated 15 U.S.C. § 1692c(c) of the FDCPA by failing to cease collection after receiving written notice.

69.     As a result of the above violations of the FDCPA, MCM is liable to Plaintiff for actual damages, statutory damages, and costs.

### VIII.   COUNT 4
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(8)
### AGAINST DEFENDANT I.C. SYSTEM, INC.,

70.     Plaintiff incorporates by reference paragraphs 1-9 and 44-50 of this Complaint.

71.     IC System violated the Fair Debt Collection Practices Act.

72.     IC System violated 15 U.S.C. § 1692e(8) of the FDCPA by failing to communicate to the consumer reporting agencies, including Experian, that the alleged debt was disputed by Plaintiff.

73.     As a result of the above violations of the FDCPA, IC System is liable to Plaintiff for actual damages, statutory damages, and costs.

### IX.    JURY DEMAND AND PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendants' for:

A. The greater of statutory damages of $1,000 per incident and Plaintiff's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or Plaintiff's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

B. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

C. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

D. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).

E. Costs of the action pursuant to pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2), and 15 U.S.C. § 1692k(a)(3); and

F. Any other equitable relief the court may deem just and appropriate.

Respectfully Submitted,

Dated: April 1st, 2026                    By: __ /s/ Freddie Johnson _____

Freddie Johnson - Pro Se Plaintiff
2210 Golden Valley Dr
Lawrenceville, GA 30043
(404) 645-4568
freddieljohnsoniii@gmail.com